NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM R. SMITH,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7138

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-3249, Judge Lawrence B. Hagel.

---

Decided: November 15, 2011

---

WILLIAM R. SMITH, of Chicago, Illinois, pro se.

DAWN E. GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M.

HUGHES, Deputy Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

——————————————

Before BRYSON, MOORE, and REYNA, *Circuit Judges*.

PER CURIAM.

## DECISION

William R. Smith appeals from a decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court"). The court affirmed a decision of the Board of Veterans' Appeals finding that Mr. Smith had not submitted new and material evidence sufficient to reopen his previously denied claim for benefits. Because the issue in this case is beyond our jurisdiction, we dismiss the appeal.

## BACKGROUND

Mr. Smith served on active duty in the U.S. Army from June 1972 to August 1978. In 2002, Mr. Smith filed a claim for benefits for diabetes mellitus. He contended that his diabetes was caused by pancreatic surgery that he underwent during his service. In 2003, a regional office of the United States Department of Veterans Affairs denied Mr. Smith's claim because it found no evidence of a medical nexus between his pancreatic surgery and his diabetes.

In 2004, Mr. Smith submitted a request to reopen his previously denied claim for benefits. In support of that request, Mr. Smith submitted two private medical opinions. Finding the medical opinions inconclusive and

insufficient to establish a medical nexus between Mr. Smith's pancreatic surgery and his diabetes, the regional office denied Mr. Smith's request to reopen his previously denied claims. Mr. Smith appealed the denial to the Board. The Board upheld the denial of Mr. Smith's request to reopen his claim, and the Veterans Court affirmed the Board's decision.

On October 22, 2009, while the Board's decision was on appeal to the Veterans Court, Mr. Smith filed a new request with the regional office to reopen his claim. In support of that new request, he submitted new medical evidence. In response to that request, the regional office granted service connection for Mr. Smith's diabetes with an effective date of October 22, 2008. To the extent that Mr. Smith is arguing in this appeal for an earlier effective date of the service connection that resulted from his 2009 request to reopen his claim, that issue was not addressed by the Veterans Court and we therefore have no jurisdiction to address it.

DISCUSSION

The scope of our jurisdiction to review decisions of the Veterans Court is limited by statute. This court's jurisdiction over appeals from the Veterans Court is limited to deciding the validity or interpretation of statutes, regulations, or constitutional provisions, and reviewing decisions of that court on "a rule of law or . . . any statute or regulation . . . that was relied on by [the Veterans Court] in making the decision." 38 U.S.C. § 7292(a), (c). Except in cases presenting constitutional issues, this court lacks jurisdiction to review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

In this case, the Veterans Court and the Board applied the applicable regulation, 38 C.F.R. § 3.156(a), to the facts of the case. The medical opinions submitted by Mr. Smith in 2004 stated that his diabetes mellitus may have been caused by his in-service pancreatic surgery. The Board found that that those opinions were not material because they were too speculative to give rise to a reasonable possibility of substantiating the claim. The Veterans Court held that the Board's decision was not clearly erroneous and therefore affirmed that decision. The question whether the medical opinions Mr. Smith submitted in support of his 2004 request were unduly speculative is not a legal issue over which this court has jurisdiction in an appeal from the Veterans Court. Because we lack statutory authority to review the decision of the Veterans Court, we dismiss the appeal for lack of jurisdiction.

No costs.

**DISMISSED**